**In re: Martin PALOMINO and Elizabeth Palomino, Debtors.**

**Richard Hoyt & Associates, Appellant,**

v.

**Martin Palomino; et al., Appellees.**

**No. 09–60026.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2011.*

Filed Aug. 18, 2011.

Henry L. Jacobs, Law Offices of Henry Jacobs, Tucson, AZ, for Appellant.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Martin Palomino, Tucson, AZ, pro se.

Elizabeth Palomino, Tucson, AZ, pro se.

Sharon Maxwell, Tucson, AZ, Trustee, pro se.

Elizabeth C. Amorosi, Esquire, Office of the United States Trustee, Phoenix, AZ, for Appellees.

Before: THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Richard Hoyt & Associates ("Hoyt") appeals from the Bankruptcy Appellate Panel's ("BAP") order dismissing Hoyt's late-filed appeal for lack of jurisdiction. To the extent that we have jurisdiction, it is under 28 U.S.C. § 158(d). We review de novo. *Wiersma v. Bank of the West (In re Wiersma)*, 483 F.3d 933, 938 (9th Cir.2007). We affirm.

The BAP properly dismissed Hoyt's appeal for lack of jurisdiction because Hoyt failed to file a timely notice of appeal. *See* Fed. R. Bankr.P. 8001(f)(1) (certification for direct appeal to court of appeals not effective without timely notice of appeal); *see also In re Wiersma*, 483 F.3d at 938 ("The failure to timely file a notice of appeal is a jurisdictional defect barring appellate review.") (alteration, citation, and internal quotation marks omitted).

Because Hoyt's notice of appeal to the BAP was untimely, we lack jurisdiction to review Hoyt's contentions as to the merits of the bankruptcy court's decision. *See Greene v. United States (In re Souza)*, 795 F.2d 855, 857 (9th Cir.1986) (noting that this court lacks jurisdiction to review the merits where the appeal from the bankruptcy court was untimely).

Hoyt's remaining contentions are unpersuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).